UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

BHM TECHNOLOGIES HOLDINGS, INC., et al.,[1]   Chapter 11
Case No.: 08-04413
　　　　Debtors.   (Jointly Administered)
Hon. Scott W. Dales

_____/

**APPLICATON FOR ORDER AUTHORIZING EMPLOYMENT OF
CHANIN CAPITAL PARTNERS AS FINANCIAL ADVISORS FOR THE COMMITTEE
OF UNSECURED CREDITORS' OF BHM TECHNOLOGIES HOLDINGS, INC.
NUNC PRO TUNC TO JUNE 9, 2008**

The Official Committee of Unsecured Creditors of BHM Technologies Holdings, Inc., *et al.* (the "Committee"), by its proposed attorneys, Jaffe Raitt Heuer & Weiss, P.C. ("Jaffe"), for its Application for Order Authorizing Employment of Chanin Capital Partners ("Chanin") as Financial Advisors for the Committee, states as follows:

　　　　1.　　On May 19, 2008, BHM Technologies Holdings, Inc., *et al.* (the "Debtors") each commenced a case under Chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its properties as debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

　　　　2.　　On June 5, 2008, the Office of the United States Trustee appointed the Committee, consisting of: (1) EFC International; (2) Kenwal Steel Corp; (3) The Lincoln Electric

---

[1] The Debtors are: BHM Technologies Holdings, Inc. (Case No. 08-04413); BHM Technologies, LLC (Case No. 08-04415); The Brown Corporation of America (Case No. 08-04412); The Brown Company International, LLC (Case No. 08-04416); The Brown Company of Ionia, LLC (Case No. 087-04417); The Brown Company of Moberly, LLC (Case No. 08-04418); The Brown Company of Waverly, LLC (Case No. 08-04419; The Brown Corporation of Greenville, Inc. (Case No. 08-04421); The Brown Realty Company, LLC (Case No. 08-04422); Heckethorn Holdings, Inc. (Case No. 08-04423); Heckethorn Manufacturing Co., Inc. (Case No. 08-04425); Midwest Stamping, Inc. (Case No. 08-04426); Midwest Stamping & Manufacturing Co. (Case No. 08-04427); Morton Welding Holdings, Inc. (Case No. 08-04428); and Morton Welding Co., Inc. (Case No. 08-04429).

1557903.01
1565275.01

Co.; (4) Dundee Products,; (5) Earle M. Jorgensen Co.; (6) Olympic Steel, Inc.; and (7) Horizon Steel Co.

3. On June 9, 2008, the Committee met and selected Jaffe as its counsel after hearing presentations from multiple law firms. Jaffe is in the process of preparing and submitting its Application for an Order Authorizing its Employment as counsel for the Committee.

4. On June 9, 2008, the Committee also decided to retain Chanin as its financial advisors.

5. The Committee seeks to employ Chanin as its financial advisors in connection with this Chapter 11 Cases *nunc pro tunc* to June 9, 2008. Chanin has assisted and advised numerous committees, trustees, secured creditors, debtors, and other constituencies in the Chapter 11 process and is experienced in analyzing and testifying regarding corporate restructuring issues and measuring the economics of any potential merger and acquisition transactions.

6. Pursuant to 11 U.S.C. §§ 328 and 1103(b), the Committee requests that the Court approve the employment of Chanin as the Committees' financial advisors. The Committee needs assistance in collecting and analyzing financial and other information in relation to the Chapter 11 cases. Chanin's experience makes it qualified to do the work in this case.

7. The Committee anticipates that Chanin may render the following services in this case:

 (a) Review and analyze the Debtors' operations, financial condition, business plan, strategy, and operating forecasts;

 (b) Analyze any merger, divestiture, joint-venture, or investment transaction;

(c) Assist in the determination of an appropriate go-forward capital structure for the Debtors;

(d) Assist the Committee in developing, evaluating, structuring and negotiating the terms and condition of a restructuring or Plan of Reorganization (the "Plan"), including the value of the securities, if any, that may be issued to the Committee under any such restructuring or Plan;

(e) Provide testimony, as necessary, before the bankruptcy court; and

(f) Provide the Committee with other appropriate general restructuring advice and litigation support.

8. Subject to this Court's approval, Chanin is willing to serve as the Committee's financial advisors and to perform the services described above. Chanin will seek compensation for its services on a monthly flat fee basis, in accordance with the Engagement Letter attached as Exhibit B. Chanin will maintain detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services. Chanin will record its time in increments of 1/10 of one hour.

9. The Committee has been advised by Chanin that it is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys. Chanin's restructuring professionals do as a practice, and in the Debtors' cases, as a practice, will keep time records detailing and describing their daily activities, the identity of persons who performed such tasks and the amount of time expended on a daily basis even though it is charging for its services on a monthly flat fee basis, as further delineated in Paragraph 10, *infra*. Notwithstanding the foregoing, Chanin intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of

the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and Local Rules and Orders of this Court. The Committee requests that Chanin be authorized to file its fee applications in accordance with the streamlined time recording format outlined above.

10. The Committee, subject to the provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Rules and Orders of the Court, proposes to pay Chanin a flat monthly fee of $50,000 as set forth in the Declaration of Brent Williams ("Chanin Declaration") attached as Exhibit C and the Engagement Letter attached as Exhibit B and submits that such fees are at the low end of the range of compensation as compared to other professional services firms providing similar financial advisory and related investment banking services.

11. To the best of the Committee's knowledge, information and belief, other than in connection with this case, Chanin has no connection with, and holds no interest adverse to, the Debtor, its estate, its creditors, or any other party in interest herein or their respective attorneys in the matter for which Chanin is proposed to be retained, except that Chanin may have represented, and may continue to represent, certain of the Debtor's creditors or other parties or interests adverse to such creditors or parties in interest in matters unrelated to these Chapter 11 cases, as may be disclosed in the Chanin Declaration.

12. To the best of the Committee's knowledge and based upon the Chanin Declaration, Chanin is a "disinterested person," as defined in 11 U.S.C. § 101(14) and as required by 11 U.S.C. § 328.

WHEREFORE, the Committee respectively requests entry of the purposed Order Authorizing Employment of Chanin Capital Partners as Financial Advisors for the Committee, *nunc pro tunc* to June 9, 2008, attached as Exhibit A, and for such other further relief as is proper and just.

                                              Respectfully submitted,

                                              JAFFE RAITT HEUER & WEISS, P.C.
                                              Proposed Attorneys for the Committee

Dated: July 2, 2008                  By:   /s/ Judith Greenstone Miller
                                                   Jay L. Welford (P34471)
                                                   Judith Greenstone Miller (29208)
                                                   27777 Franklin Road, Suite 2500
                                                   Southfield, MI 48034-8214
                                                   Telephone (248) 351-3000
                                                   Facsimile: (248) 351-3082
                                                   Email: jmiller@jaffelaw.com
                                                                jwelford@jaffelaw.com

                                              and

                                              OFFICIAL COMMITTEE OF UNSECURED
                                              CREDITORS OF BHM TECHNOLOGIES, INC. *et al.*

Dated: July 2, 2008                  By:      /s/ Martin Seward
                                                   Martin Seward, Chairperson