UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re: : Chapter 11
:
BHM TECHNOLOGIES HOLDINGS, INC., et al., :
: Case No. 08-04413
: (Jointly Administered)
Debtors. : Hon. Scott W. Dales

**MEMORANDUM OF DECISION REGARDING DEBTORS'
SECOND AMENDED JOINT PLAN OF
REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

BHM Technologies Holdings, Inc.; The Brown Corporation of America; BHM Technologies, LLC; The Brown Company International, LLC; The Brown Company of Ionia, LLC; The Brown Company of Moberly, LLC; The Brown Company of Waverly, LLC; The Brown Corporation of Greenville, Inc.; The Brown Realty Company, LLC; Heckethorn Holdings, Inc.; Heckethorn Manufacturing Co., Inc.; Midwest Stamping, Inc.; Midwest Stamping & Manufacturing Co.; Morton Welding Holdings, Inc.; and Morton Welding Co., Inc. (collectively, the "Debtors") in these Chapter 11 cases, having proposed and filed with the Court their Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated August 8, 2008 at Docket Number 530; and the Debtors having timely disseminated copies of their Amended Plan, their Amended Disclosure Statement dated August 8, 2008 at Docket Number 532, and Court-approved solicitation materials (the "Solicitation Materials") in connection

therewith to, among others, the known holders of claims against, and equity security interests in, the Debtors, the Securities and Exchange Commission, and the Office of the United States Trustee pursuant to this Court's Order entered on August 8, 2008 at Docket Number 535 approving the Debtors' Amended Disclosure Statement under section 1125 of the Bankruptcy Code; and the Debtors having made certain non-material modifications to the Amended Plan filed at Docket Number 807; and the Debtors having filed their Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code on September 29, 2008 reflecting certain further non-material modifications (together with all modifications, the "Amended Plan"), all of which modifications are hereby approved pursuant to section 1127 of the Bankruptcy Code and Rule 3019 of the Federal Rules of Bankruptcy Procedure; and the Debtors' Memorandum of Law in Support of Confirmation of their Amended Joint Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code having been filed with this Court on September 25, 2008; and the confirmation hearing having been held before this Court on September 29, 2008; and the appearance of all interested parties having been noted on the record (the "Hearing"); and this Court having heard the statements of counsel in support of confirmation of the Amended Plan; and this Court having considered all testimony presented and evidence admitted at the Hearing; and after due deliberation and sufficient cause appearing therefor, the Court hereby makes the following findings of fact and conclusions of law, under Federal Rule of Civil Procedure 52, as made applicable by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure:[1]

---

[1] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the Amended Plan. If there is any direct conflict between the terms of the Amended Plan and the terms of this Order, the terms of this Memorandum of Decision shall control.

1. This Court has jurisdiction over the Debtors, their Chapter 11 Cases and these proceedings pursuant to 28 U.S.C. Sections 1334 and 157(a). This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2). Venue in the Western District of Michigan was proper at the Commencement Date and continues to be proper under 28 U.S.C. Sections 1408 and 1409.

2. The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made and adduced at the hearings held before this Court during the Chapter 11 Cases.

3. The Solicitation Materials were transmitted and served in compliance with the Bankruptcy Code, the Bankruptcy Rules, applicable nonbankruptcy law and the Court's Order approving the Amended Disclosure Statement. Such transmittal and service of the Solicitation Materials were adequate and sufficient. Adequate and sufficient notice of the confirmation Hearing was given in compliance with the Bankruptcy Code, Bankruptcy Rules and the Court's Order approving the Amended Disclosure Statement, and no other or further notice is or shall be required. Votes for acceptance and rejection of the Amended Plan were solicited in good faith and such solicitation complied with sections 1125 and 1126 of the Bankruptcy Code, Rules 3017 and 3018 of the Bankruptcy Rules, all other applicable provisions of the Bankruptcy Code, the Court's Order approving the Amended Disclosure Statement, and all other applicable rules, laws, and regulations.

4. In accordance with sections 1126 and 1129 of the Bankruptcy Code, the Amended Plan has been duly accepted in writing by each Class of creditors whose acceptances are required by law for confirmation of the Amended Plan (*i.e.*, Classes S-3, U-2, and U-4), with the exceptions of Classes P-1, S-1, S-2, U-1, U-3 and E-2, which are unimpaired and deemed to

have accepted the Amended Plan. In accordance with sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, the Amended Plan designates separate Classes of Claims and Equity Interests, each of which contains only Claims or Equity Interests that are substantially similar to the other Claims or Equity Interests within that Class. A reasonable basis exists for the classifications in the Amended Plan.

5. In accordance with sections 1123(a)(2), 1123(a)(3) and 1123(a)(4) of the Bankruptcy Code, the Amended Plan specifies each Class that is unimpaired, identifies and specifies the treatment of each Class that is impaired under the Amended Plan, and provides the same treatment for each Claim or Equity Interest within a particular Class, unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Amended Plan, and such Classes do not unfairly discriminate among holders of Claims or Equity Interests. Thus, the Amended Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

6. In accordance with section 1123(a)(5) of the Bankruptcy Code, the Amended Plan provides adequate means for its implementation, including, without limitation, (a) the continuation of the corporate existence and the vesting of assets in the Reorganized Debtors (subject to, and in accordance with, sections 9.1 and 9.3 of the Amended Plan), (b) the issuance of New Common Stock in the Reorganized Parent, pursuant to and in accordance with Article IX of the Amended Plan, (c) the adoption of the Reorganized BHM Technologies Holdings, Inc.'s Certificate of Incorporation and the Reorganized BHM Technologies Holdings, Inc.'s By-Laws, (d) any Restructuring Transaction deemed necessary or appropriate to implement the provisions of the Amended Plan, including, but not limited to, the merger, dissolution, or transfer of assets

4

between or among the Debtors (see Plan section 9.3), and (e) the incurrence of new indebtedness pursuant to the Exit Term Loan and the Exit Facility.

7. Section 1123(a)(6) of the Bankruptcy Code is not applicable here as the Debtors are not issuing any publicly-traded securities under the Amended Plan. The Amended Plan provides that the Reorganized BHM Technologies Holdings, Inc.'s Certificate of Incorporation, the Reorganized BHM Technologies Holdings, Inc.'s By-Laws and the certificates of incorporation and by-laws of each of the other Reorganized Debtors shall contain provisions prohibiting the issuance of nonvoting equity securities, subject to further amendment of such certificates of incorporation and by-laws as permitted by applicable law and the terms of the Stockholders Agreement.

8. In accordance with section 1123(a)(7) of the Bankruptcy Code, the Amended Plan contains only provisions that are consistent with the interests of creditors, equity security holders and with public policy with respect to the manner of selection of the officers and directors who are expected to serve, on and after the Effective Date, as the officers and directors of the Reorganized Debtors.

9. In accordance with section 1123(b)(6) of the Bankruptcy Code, the Amended Plan includes only provisions that are not inconsistent with applicable provisions of the Bankruptcy Code.

10. In accordance with section 1129(a)(1) of the Bankruptcy Code, the Amended Plan properly identifies the Debtors as the Amended Plan proponents and complies with all applicable provisions of the Bankruptcy Code and applicable law.

11. In accordance with section 1129(a)(2) of the Bankruptcy Code, the Debtors have complied with all applicable provisions of the Bankruptcy Code, including, without

limitation, sections 1125 and 1126 and Federal Rules of Bankruptcy Procedure 3017, 3018 and 3019. The solicitation of acceptances of the Amended Plan was in compliance with all applicable laws and rules governing the adequacy of disclosure in connection with such solicitation, and solicited after disclosure to the holders of Claims and Equity Interests of adequate information as defined in section 1125 of the Bankruptcy Code.

12. In accordance with section 1129(a)(3) of the Bankruptcy Code, the Amended Plan has been proposed in good faith and not by any means forbidden by law. Consistent with the overriding purpose of Chapter 11 of the Bankruptcy Code, the Amended Plan enables holders of Allowed Claims to realize reasonable recoveries under the circumstances.

13. In accordance with section 1129(a)(4) of the Bankruptcy Code and section 2.3 of the Amended Plan, any payment made or promised by the Debtors or by any person acquiring property under the Amended Plan, for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Amended Plan and incident to the Chapter 11 Cases, has been disclosed to the Court and approved by the Court as reasonable. If any such payment is to be made to a professional retained pursuant to order of this Court and such payment is to be fixed after confirmation of the Amended Plan for pre-Effective Date services, such payment is subject to approval of the Court as reasonable, pursuant to sections 330 and 331 of the Bankruptcy Code.

14. The Debtors have disclosed the identities of the individuals proposed to serve, from and after the Effective Date, as the officers and directors of the Reorganized Debtors and the Reorganized Parent, respectively, thereby satisfying section 1129(a)(5) of the Bankruptcy Code. The initial Board of Directors of the Reorganized Parent is expected to consist of the following individuals: Donald Dees, Roberto Buaron, Thomas Berglund, Timothy Bernlohr,

Eugene Davis, Alan Dawes, and Donald Thomas (see Exhibit XVII of Amended Plan). The provisions of the Amended Plan for the selection of directors and officers are consistent with the interests of creditors and equity security holders and with public policy as to the manner and selection of any officer or director and any successor thereto, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

15. None of the Debtors are individuals. Accordingly, section 1123(a)(8) of the Bankruptcy Code is not implicated by the Amended Plan.

16. The Amended Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Amended Disclosure Statement with the Clerk of the Court satisfies Bankruptcy Rule 3016(b).

17. The Debtors have given notice of the confirmation Hearing as required by Bankruptcy Rule 3017(d), the Order approving the Amended Disclosure Statement, or as is otherwise required. The transmittal and service of the Solicitation Materials were (i) in compliance with the Court's Order approving the Amended Disclosure Statement, the Bankruptcy Code, and the Bankruptcy Rules and (ii) adequate and sufficient under the Bankruptcy Rules and the circumstances surrounding these Chapter 11 Cases.

18. The solicitation of votes to accept or reject the Amended Plan solely from holders of Allowed Claims in Classes entitled to vote to accept or reject the Amended Plan, as of the record date of August 8, 2008, satisfies Bankruptcy Rule 3018. Votes to accept and reject the Amended Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Court's Order approving the Amended Disclosure Statement. Local Rule 3018 was satisfied by the timely filing of the Declaration of Evan Gershbein on September 24, 2008 and the Debtors' claims agent's retention of the ballots.

19. The Amended Plan does not contain any rate changes subject to the jurisdiction of any governmental regulatory commission. Accordingly, section 1129(a)(6) of the Bankruptcy Code is not implicated by the Amended Plan.

20. In accordance with section 1129(a)(7) of the Bankruptcy Code, with respect to each impaired Class of Claims or Equity Interests, each holder of a Claim or Equity Interest in such Class has accepted or is deemed to have accepted the Amended Plan, or will receive or retain under the Amended Plan on account of such Claim or Equity Interest, property of a value, as of the Effective Date of the Amended Plan, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated on the Effective Date under Chapter 7 of the Bankruptcy Code.

21. The holders of Equity Interests in Class E-1 are deemed to have rejected the Amended Plan. Notwithstanding the lack of compliance with section 1129(a)(8) of the Bankruptcy Code, the Amended Plan is confirmable because, as more fully set forth in this Memorandum of Decision, the Amended Plan satisfies section 1129(b)(1) of the Bankruptcy Code with respect to Class E-1.

22. In accordance with section 1129(a)(9) of the Bankruptcy Code, except to the extent that the holder of a particular Claim has agreed to different treatment of such Claim, the Amended Plan provides that:

(i) with respect to a Claim of a kind specified in sections 507(a)(1) or 507(a)(2) of the Bankruptcy Code, the holder of such Claim, if any, will receive on account of such Claim, Cash equal to the allowed amount of such Claim on the later of the allowance date and the Effective Date, or as soon as practicable thereafter;

(ii) with respect to a Class of Claims of a kind specified in sections 507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6) or 507(a)(7) of the Bankruptcy Code, each holder of a Claim, if any, of such Class will receive Cash equal to the allowed amount of such Claim on the later of the allowance date and the Effective Date, or as soon as practicable thereafter; and

(iii) with respect to a Claim of a kind specified in section 507(a)(8) of the Bankruptcy Code, except to the extent that the holder of such a Claim has been paid by the Debtors prior to the Effective Date or agrees to a different treatment, each holder of such Claim, if any, shall receive, in full and complete settlement, satisfaction and discharge of its Claim, at the option of the Reorganized Debtors, (a) Cash in an amount equal to such Claim on the later of the Effective Date and the date such Claim becomes an Allowed Claim, or as soon thereafter as is practicable, (b) in accordance with section 1129(a)(9)(C) of the Bankruptcy Code, equal annual Cash payments commencing on the first anniversary of the Effective Date in an aggregate amount equal to such Allowed Claim, together with interest on any outstanding balance from the Effective Date at the applicable rate under nonbankruptcy law, over a period not exceeding five years after the Commencement Date, or (c) upon such other terms determined by the Bankruptcy Court to provide such holder with deferred Cash payments having a value, as of the Effective Date, equal to such Allowed Claim.

23. In accordance with section 1129(a)(10) of the Bankruptcy Code, at least one Class of Claims that is impaired under the Amended Plan has accepted the Amended Plan determined without including any acceptance of the Amended Plan by an "insider" holding a Claim in such Class. Specifically, Classes S-3, U-2 and U-4 voted to accept the Amended Plan by the requisite number and dollar amounts pursuant to section 1126(c) of the Bankruptcy Code, and no "insiders" cast votes in such Classes, to the best of the Debtors' knowledge and belief.

24. The Amended Plan satisfies section 1129(a)(11) of the Bankruptcy Code because confirmation of the Amended Plan is not likely to be followed by liquidation or the need for further financial reorganization of the Reorganized Debtors. The Amended Plan provides for, among other things, (i) the discharge of approximately $245 million of debt and (ii) the availability of the approximately $35.0 million Exit Facility on the Effective Date. The record of the Chapter 11 Cases, including the financial projections contained in the Amended Disclosure Statement, supports the conclusion that these amounts, existing cash balances, and projected revenue will be sufficient to implement the Amended Plan and meet the ongoing financial needs of the Reorganized Debtors. The Amended Plan presents a workable scheme of reorganization and is found and determined to be feasible.

25. In accordance with section 1129(a)(12) of the Bankruptcy Code, all fees payable under 28 U.S.C. Section 1930 have been paid or the Amended Plan provides for the payment of all such fees on or as soon as practicable after the Effective Date of the Amended Plan. The Debtors and the Reorganized Debtors have adequate means to pay such fees.

26. The Amended Plan, and section 8.5 thereof, addresses the continuation of any retiree benefits, as defined in section 1114 of the Bankruptcy Code, consistent with section 1129(a)(13) of the Bankruptcy Code.

27. Sections 1129(a)(14) and (15) of the Bankruptcy Code impose certain requirements on individual chapter 11 debtors. None of the Debtors is an individual. Accordingly, sections 1129(a)(14) and (15) of the Bankruptcy Code are not implicated by the Amended Plan.

28. Section 1129(a)(16) of the Bankruptcy Code imposes certain requirements on corporations or trusts that are not a moneyed, business or commercial corporation or trust.

Each of the Debtors is a moneyed, business or commercial corporation. Accordingly, section 1129(a)(16) of the Bankruptcy Code is not implicated by the Amended Plan.

29. In accordance with section 1129(b)(1) of the Bankruptcy Code, the Amended Plan does not unfairly discriminate against Class E-1. The legal rights of holders of Equity Interests in BHM Technologies Holdings, Inc. are treated consistently with the treatment of other Classes whose legal rights are substantially similar, and such holders shall not receive more than they are legally entitled to receive for their Equity Interests.

30. The Amended Plan is fair and equitable as to Class E-1 and, therefore, satisfies Code section 1129(b)(2)(C)(ii). Although Equity Interests in BHM Technologies Holdings, Inc. will be canceled and extinguished on the Effective Date and the holders of Equity Interests in Class E-1 will not receive or retain any property under the Amended Plan, there are no Classes junior to Class E-1 that receive or retain any property under the Amended Plan.

31. The Amended Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code as to Class E-1 and shall be confirmed notwithstanding the requirements of section 1129(a)(8) of the Bankruptcy Code.

32. Pursuant to section 1129(d) of the Bankruptcy Code, the principal purpose of the Amended Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

33. The discharge, release, and exculpation of claims described in sections 10.5 and 13.3 of the Amended Plan and in the Confirmation Order constitute good faith compromises and settlements of the matters covered thereby. Such compromises and settlements are made in exchange for consideration and are in the best interest of the holders of Claims; are fair, equitable, and reasonable; and are integral elements of the Debtors' reorganization and

resolution of the Debtors' Chapter 11 Cases in accordance with the Amended Plan. Each of the discharge, release, and exculpation provisions set forth in the Amended Plan:

(1) falls within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a), (b), and (d);

(2) is an essential means of implementing the Amended Plan under Bankruptcy Code section 1123(a)(5);

(3) is an integral element of the transactions incorporated into the Amended Plan;

(4) confers material benefit on, and is in the best interests of, the Debtors, their estates, and creditors;

(5) is important to the overall objectives of the Amended Plan to finally resolve claims among or against the parties in interest in the Chapter 11 Cases with respect to the Debtors, and their organization, capitalization, operation, and reorganization, to the extent provided in the Amended Plan; and

(6) is consistent with Bankruptcy Code sections 105, 1123, and 1129 and other applicable provisions of the Bankruptcy Code. The failure to effect the discharge, release, and exculpation provisions of the Amended Plan would impair the Debtors' ability to confirm the Amended Plan.

34. The provisions of the Amended Plan, including those delineated in sections 9.14 and 9.15 thereof, constitute a good faith compromise and settlement of all claims or controversies relating to the enforcement or termination of all contractual, legal, and equitable subordination rights that a holder of a Claim or Equity Interest may have with respect to any Allowed Claim or Equity Interest, or any distribution to be made pursuant to the Amended Plan

on account of such Claim. Such settlement, as reflected in the relative distributions and recoveries of holders of Allowed Claims and Equity Interests under the Amended Plan, (i) will save the Debtors and their estates the costs and expenses of prosecuting various disputes, the outcome of which likely would consume significant resources of the Debtors' estates and require substantial time to adjudicate, and (ii) has facilitated the creation and implementation of the Amended Plan and benefits the Debtors' estates and creditors. Accordingly, such settlement is fair, equitable, and reasonable.

35. The conditions precedent to confirmation set forth in section 11.1 of the Amended Plan have either been satisfied or waived.

36. The modifications to the Amended Plan, as filed on September 23, 2008 at Docket Number 807, as well as those reflected in the Amended Plan filed on September 29, 2008, constitute technical changes and do not materially adversely affect or change the treatment of any Claims or Equity Interests. Accordingly, pursuant to Bankruptcy Rule 3019, such modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or re-solicitation of votes under section 1126 of the Bankruptcy Code, and they do not require that holders of Claims be afforded an opportunity to change previously cast acceptances or rejections on the Amended Plan.

37. The Amended Plan provides that all holders of Allowed Claims in Class S-3, will receive in partial satisfaction of, and in exchange for, their Claims their respective Pro Rata share of 6,265,350 shares of New Common Stock in the Reorganized Parent on the Effective Date. Bankruptcy Code section 1145 exempts the issuance and distribution of such New Common Stock from registration under the Securities Act of 1933, as amended (the "Securities Act"), and any state or local laws requiring registration for offer or sale of a security

or registration or licensing of an issuer of, underwriter of, or broker or dealer in, a security, except that the AEP Equity Stake shall be exempt from such registration under Rule 506 of Regulation D of the Securities Act.

38. The Amended Plan satisfies all requirements for the assumption of executory contracts and unexpired leases contained in the Bankruptcy Code, including, without limitation, the requirement to cure all outstanding defaults, if any, and to provide adequate assurance of such contracts and leases.

39. Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Memorandum of Decision, the Confirmation Order, or the occurrence of the Effective Date, this Court, except as otherwise provided in the Amended Plan or herein, shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Amended Plan to the fullest extent permitted by law and shall also have jurisdiction over the matters set forth in Article XII of the Amended Plan.

40. The Court will enter a separate Confirmation Order conforming substantially to Official Form B15, modified as appropriate under the circumstances, as contemplated at the Hearing and in Rules 3020(c) and 9009 of the Federal Rules of Bankruptcy Procedure, and Federal Rule of Civil Procedure 54(a) (made applicable by Rules 7054(a) and 9014 of the Federal Rules of Bankruptcy Procedure).

Dated: September 30, 2008
At Grand Rapids, Michigan

_____
Scott W. Dales, United States Bankruptcy Judge